IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ALAN MCFADDEN** **PLAINTIFF**

v. Civil Action No. 3:11-cv-108-CWR-FKB

**THE PRUDENTIAL INSURANCE COMPANY** **DEFENDANTS**
**OF AMERICA; ENCOMPASS MECHANICAL**
**SERVICES SOUTHEAST**

## ORDER

Pending before the court is Alan McFadden's motion for default judgment against Encompass Mechanical Services Southeast ("Encompass") and The Prudential Insurance Company of America ("Prudential"). Docket No. 20. Encompass has not responded or defended against the suit in any way. Prudential opposes the motion. Docket No. 23.

I.   *Encompass*

A summons was issued to Encompass on March 8, 2011 [Docket No. 8], and served on its Vice President for Human Resources on April 1 [Docket No. 13]. Encompass did not answer or otherwise defend. On June 29, McFadden moved for entry of default. Docket No. 16. Default was entered the next day as to Encompass. Docket No. 17. On July 15, McFadden filed this motion for default judgment. Docket No. 20. Encompass has not responded.

Although the procedural requirements for default judgment appear to be satisfied, McFadden's substantive allegations against Encompass are deficient. McFadden's complaint has not set forth facts indicating what Encompass has done to incur ERISA liability. For this reason, judgment will not be entered at this time.

McFadden has directed the court to a prior case he filed here in 2006. *See McFadden v. Abston et al.*, No. 3:06-cv-324-HTW-LRA (S.D. Miss.). That case, which also names Encompass as a defendant, describes similar facts and circumstances as those presented here. The 2006 case remains pending, and Encompass, through counsel, is defending against that action. McFadden did not name Prudential as a defendant in the 2006 case, nor did he bring an ERISA claim.

One question before the court is whether McFadden's present claims against Encompass should be stricken from this action, because they have already been pled and may be litigated in the 2006 case.

As for this action, the pleadings suggest that the proper subject of McFadden's scrutiny is Prudential, as the ERISA administrator. The court will consider maintaining this action against Prudential, and only Prudential, under the current cause number.

Within 21 days of the entry of this Order, McFadden is directed to file a response addressing the following matters: (1) whether Encompass should be dismissed from this suit (No. 3:11-cv-108) because McFadden's claims against it are already pending in the 2006 case (No. 3:06-cv-324) and will not be duplicated here; (2) whether Encompass should be dismissed from this suit (No. 3:11-cv-108) because in an action to recover ERISA benefits, the health care plan is the only proper defendant, *see Walker v. Kimberly-Clark Corp.*, No. 1:08-cv-146, 2010 WL 611007, *6 (N.D. Miss. Feb. 17, 2010) (collecting cases) and *Hill v. Aetna Life Ins. Co.*, 546 F. Supp. 2d 343, 347-48 (S.D. Miss. 2008); (3) whether Encompass should be dismissed from this suit (No. 3:11-cv-108) in light of the assertions made by Prudential in its Answer to the Plaintiff's Complaint, Docket No. 10, at 2-4; and (4) if Encompass remains in this suit (No. 3:11-cv-108), whether this case should be consolidated with the earlier-filed case (No. 3:06-cv-324) because McFadden raises overlapping claims regarding the same series of transactions and occurrences.

If necessary, Prudential may file a reply within 14 days of McFadden's response.

II.   *Prudential*

The court now returns to the motion for default judgment.

Prudential timely answered the complaint on April 25, 2011. Docket No. 10. McFadden still filed for entry of default against Prudential, though, claiming that he had not received the answer on time and that Prudential had violated the local and federal rules by not serving its answer upon him. Docket No. 16, at 2-4. Specifically, he said he did not learn of the answer until June 3, when counsel for Prudential sent him a letter about the case. *Id.* McFadden also claimed that the Clerk of Court and the Magistrate Judge's staff failed to send him documents in "a deliberate attempt to gain unfair advantage of the Plaintiff and deny him a fair hearing of his Complaint." *Id.* at 4. The Clerk's office declined to enter default against Prudential, likely because Prudential had timely answered. *See* Fed. R. Civ. P. 55(a).

Prudential opposed entry of default. Docket No. 19. It admitted that it failed to mail a copy of its answer to McFadden. *Id.* at 2. It claimed it thought the Clerk of Court would automatically mail *pro se* parties copies of responsive pleadings. *Id.* Prudential also asserted that it cured the

2

problem in early June, and that McFadden was not prejudiced by the delay. *Id.*

McFadden disagreed with Prudential's response regarding entry of default, and filed the present motion for default judgment against both defendants. Docket No. 20. He argues that default judgment should be entered against Prudential for its failure to correctly follow Federal Rule of Civil Procedure 5 and Local Rule 5.2(c), as well as its incorrect Certificate of Service. *Id.* at 2-3. He repeats his arguments of Clerk-Magistrate collusion. *Id.* at 5. Prudential has responded in opposition, repeating its own arguments. Docket No. 23.

After reviewing the pleadings and the law, the court concludes that the motion should be denied. Prudential timely answered and indicated its desire to defend itself, but made a simple mistake in failing to mail McFadden a copy of the answer, as it said it had in its Certificate of Service. Docket No. 10, at 11. McFadden was not prejudiced by the approximately six-week delay in receiving Prudential's answer.

The question here is whether default judgment is an appropriate sanction when a party files one incorrect certificate of service and fails, once, to send a pleading to its opponent. *See* Fed. R. Civ. P. 5(d)(1). It is not. When a party has timely answered, default judgment is an extreme sanction that the court will not issue lightly, and typically not for a simple clerical error.

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Prudential has not had default entered against it, and therefore there is technically nothing to set aside. Because McFadden is proceeding *pro se*, though, the court will describe the factors it would consider in such situations, which are taken from a case describing good cause under Rule 60(b):

> In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1) we examine the following factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default. The district court need not consider all of the above factors in ruling on a defendant's 60(b)(1) motion; the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'

*Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quotation marks and citations omitted). Here, Prudential's error was not willful, there is no demonstrated prejudice to McFadden,

3

and Prudential fixed the problem relatively quickly. On these facts, there would be good cause to set aside entry of default and proceed with the case.

The motion for default judgment [Docket No. 20] is denied.

SO ORDERED this the 27th day of September, 2011.

                                                              s/ Carlton W. Reeves
                                                              UNITED STATES DISTRICT JUDGE